## In re Anonymous No. 3 D.B. 81

Disciplinary Board Docket no. 3 D.B. 81.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

HEH, *Member,* April 6, 1989 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

### HISTORY OF PROCEEDINGS

This matter arises out of petitioner's petition for reinstatement.

On January 26, 1981, the Supreme Court of

Pennsylvania entered an order which accepted petitioner's verified statement of resignation dated November 20, 1980 and ordered that he be disbarred on consent.

Petitioner's resignation and subsequent disbarment were the culmination of various complaints before the Disciplinary Board regarding petitioner's representation of several clients in unrelated matters. These representations occurred between 1978 and 1980 and allegedly involved misconduct in violation of the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 1-102(A)(4) — A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(b) D.R. 6-101(A)(3) — A lawyer shall not neglect a legal matter entrusted to him.

(c) D.R. 9-102(B)(4) — A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

(d) D.R. 1-102(A)(5) — A lawyer shall not engage in conduct that is prejudicial to the administration of justice.

(e) D.R. 1-102(A)(6) — A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law.

(f) D.R. 7-101(A)(2) — A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under D.R. 2-110, D.R. 5-102, and D.R. 5-105.

(g) D.R. 7-101(A)(3) — A lawyer shall not prejudice or damage his client during the course of the professional relationship, except as required under D.R. 7-102(B).

(h) D.R. 7-102(A)(3) — In his representation of a client, a lawyer shall not conceal or knowingly fail to disclose that which he is required by law to reveal.

(i) D.R. 7-102(A)(5) — In his representation of a client, a lawyer shall not knowingly make a false statement of law or fact.

(j) D.R. 9-102(B)(1) — A lawyer shall promptly notify a client of the receipt of his funds, securities or other properties.

(k) D.R. 9-102(B)(3) — A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

During the period of petitioner's misconduct he was heavily involved in various forms of gambling, including the use of client funds as gambling money. Petitioner's gambling activities and his minimal participation in his law practice caused his marital, financial and emotional states to become unstable. As indicated above, petitioner resigned from the practice of law on November 20, 1980, effective January 26, 1981.

Petitioner filed a petition for reinstatement and reinstatement questionnaire on August 11, 1987. A reinstatement hearing was conducted on September 16, 1988, at which time Hearing Committee [ ], consisting of [ ] heard testimony and received evidence in support of the petition for reinstatement. At this hearing the Office of Disciplinary Counsel did not object to petitioner's reinstatement and elected not to file a brief on the matter.

On February 10, 1989 the hearing committee filed its report which concluded that petitioner met his burden of proof as to his moral qualifications, competency, and learning in the law required for admission to practice in the commonwealth. The

committee recommended that petitioner's reinstatement be conditioned on his continued attendance at Gamblers Anonymous on an average of one meeting a week, to terminate the third year following his reinstatement. The second condition imposed by the committee was that he pay all expenses incurred by the board in processing and investigating this matter.

No exceptions to the hearing committee report were filed by the Office of Disciplinary Counsel, and petitioner filed a letter brief in support of his reinstatement on November 28, 1988.

The board adjudicated the matter on March 9, 1989.

## FINDINGS OF FACT

The Disciplinary Board substantially adopts the following findings of fact set forth in the hearing committee report:

(1) Petitioner was born on October 25, 1945.

(2) Petitioner graduated from [ ] University School of Law in 1972.

(3) Petitioner was admitted to practice law in Pennsylvania on October 10, 1972.

(4) After admission to the bar, petitioner practiced law in [ ] County, Pennsylvania with the [A] Corporation and was associated in private practice with other lawyers and was a sole practitioner.

(5) Petitioner is divorced and is the father of one son.

(6) For a period of approximately seven years from 1973 through 1981, petitioner was heavily involved in various forms of gambling.

(7) During this period of time, petitioner gambled with funds belonging to certain clients.

(8) During this same period, petitioner's law practice was minimal and his emotional state was unstable.

(9) Petitioner resigned from the practice of law effective January 26, 1981.

(10) During the period since petitioner's resignation, he has been active in the Gamblers Anonymous Organization and has served in various capacities in the [ ] Chapter.

(11) At petitioner's reinstatement hearing, the following individuals testified as to petitioner's moral character:

(a) [B], his work supervisor;

(b) [C], his Gamblers Anonymous sponsor;

(c) [D], a member of Gamblers Anonymous who the petitioner sponsored;

(d) Members of Gamblers Anonymous, who petitioner has worked with and supported in the Gamblers Anonymous program:

(i) [E]; and

(ii) [F];

(e) Friends:

(i) [G];

(ii) [H]; and

(iii) [I].

(12) No members of the public filed an objection or appeared to oppose petitioner's reinstatement.

(13) The Office of Disciplinary Counsel did not oppose petitioner's reinstatement and elected not to file a brief in the proceeding.

(14) Petitioner attended a Pennsylvania Bar Institute course in 1986 dealing with basic Pennsylvania practice.

(15) He attended a Pennsylvania Bar Institute seminar on the Code of Ethics and professional responsibility.

(16) Petitioner has made whole the monetary losses sustained by clients as a result of his actions.

(17) When petitioner stopped gambling he owed between $80,000 and $90,000. This amount has been reduced to approximately $50,000.

(18) His loans are owed primarily to lending institutions who will no longer give petitioner credit.

(19) Petitioner testified that if he is readmitted to practice he would prefer a group practice as opposed to being a sole practitioner, thereby providing a form of checks and balances, and some structure to his working arrangement, and making him responsible to someone other than himself.

## DISCUSSION

A disbarred or suspended attorney who petitions for reinstatement must meet the following requirements set forth in rule 218(c)(3)(i), Pa.R.D.E.:

"A disbarred or suspended attorney shall have the burden of demonstrating by clear and convincing evidence that such person has the moral qualifications, competency and learning in law required for admission to practice law in this commonwealth, and that the resumption of the practice of law within the commonwealth by such person will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest."

Although the language of rule 218(c)(3)(i), Pa.R.D.E. establishes identical standards for reinstatement of both suspended and disbarred attorneys, the Supreme Court of Pennsylvania has enunciated separate inquiries to be made in determining whether or not a suspended or disbarred attorney should be reinstated. In *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986), the

court distinguished the sanctions of disbarment and suspension and the respective requirements for reinstatement. In the instant case we shall be concerned only with the requirements for reinstatement of disbarred attorneys.

The court in *Keller, supra,* proclaimed that:

"When reinstatement is sought by the disbarred attorney, the threshold question must be whether the magnitude of the (violation) would permit the resumption of practice without a detrimental effect upon 'the integrity and standing of the bar or the administration of justice nor subversive of the public interest.' Pa.R.D.E. 218(c)(3)(i)." *Id.*

Additionally, further inquiry into the nature of the initial violation of the disbarred attorney must be made to determine if the taint of that violation has dissipated. In the instant matter, the Disciplinary Board substantially adopts the hearing committee's conclusion that, based on petitioner's present character, his resumption of practice would not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. The board further agrees with the committee's finding that petitioner has met his burden of proof as to his moral qualifications, competency and learning in law required to practice law. Thus, the board concurs in the committee's recommendation that petitioner be reinstated. However, for reasons hereinafter explained, the board has concluded that petitioner's reinstatement should not be conditioned on his continued attendance at Gamblers Anonymous.

Turning to the inquiry of whether the magnitude of petitioner's acts permits the resumption of practice without a detrimental effect, it is evident that the primary cause of petitioner's initial violations was his addiction to gambling. Petitioner's compulsive

gambling started in 1973 and continued until 1981. However, the testimony and evidence introduced at petitioner's reinstatement hearing clearly establish that he took the initiative to get help and that he has overcome his addiction through his active participation in Gamblers Anonymous. Eight witnesses testified on petitioner's behalf and the Office of Disciplinary Counsel did not contest any of the testimony. Petitioner has attended several meetings each week since he quit gambling, and he fully intends to remain a supportive and contributing member of Gamblers Anonymous. Moreover, petitioner's testimony revealed his awareness of the severity of his problems and his sincere desire to overcome them.

Another factor which is pertinent for demonstrating that a disbarred attorney is fit to resume practice is the number of years the attorney has been disbarred. As the period of disbarment increases the attorney has a greater opportunity to reform. It is evident that the length of time petitioner has not practiced law weighs in favor of his reinstatement. He has not practiced law for over eight years, and during this period he has been able to put his past acts behind him and to mitigate any damages caused by those acts.

There has also been ample opportunity to observe petitioner's conduct during this eight-year period of disbarment. As indicated above, statements by character witnesses made during petitioner's reinstatement hearing demonstrated that petitioner's conduct during his disbarment supports reinstatement. His work supervisor specifically testified as to petitioner's recovery and current ability to function in a position of responsibliity. Moreover, during this period petitioner engaged in no other activities which would reflect badly on his character as an attorney.

Petitioner has also made whole those clients who sustained monetary losses as a result of his actions.

The board concludes that petitioner has also met his burden of proving his learning in the law required for readmission to the practice of law in this commonwealth. In August 1986 petitioner attended a course on the Code of Ethics and professional responsibility and a course on Pennsylvania legal practice, both sponsored by the Pennsylvania Bar Institute. This training satisfies the "evidence of competency and learning in law" requirement of section 87.279 of the Disciplinary Board Rules, which provides that a formerly admitted attorney must within one year prior to the filing of the petition for reinstatement take courses on lectures in the schedule of subjects.

Finally, the board acknowledges that petitioner (i) failed to comply with the requirements of notifying clients of his disbarment and (ii) failed to list the federal tax liens on petitioner's reinstatement questionnaire (which were mistakenly thought to be discharged). Yet, the board also adopts the committee's finding that petitioner made a good-faith effort to comply with his obligations and such procedural defects which have been cured should not preclude his reinstatement. The board does not, however, adopt the committee's imposition of the first condition to petitioner's reinstatement which requires his continued attendance on an average weekly basis, to end the third year following his reinstatement. Rule 218, Pa.R.D.E. contains no provisions for conditional reinstatements. The board does accept the second condition imposed by the hearing committee since the payment of all expenses in reinstatement proceedings is consistent with rule 218(e), Pa.R.D.E. which provides that the Supreme Court may direct the necessary expenses incurred in the investigation and

processing of the petition for reinstatement to be paid by the respondent attorney.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the petition for reinstatement of [petitioner] to practice law in the Commonwealth of Pennsylvania be granted unconditionally.

The board further recommends that, pursuant to rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

Mr. Keller did not participate in the adjudication.

## ORDER

And now, October 11, 1989, upon consideration of the report and recommendations of the Disciplinary Board dated April 6, 1989, the petition for reinstatement is granted.

Pursuant to rule 2l8(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.